## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**EARNESTINE METCALF,**

      **Plaintiff**

                                  Case No.
                                  Hon.
                                  Magistrate Judge:

v.

**SELENE FINANCE LP**

      **Defendant.**

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, EARNESTINE METCALF (Hereinafter termed "Plaintiff" or "Metcalf"), by and through their Attorneys, The Law Offices of Brian P. Parker, P.C. against Defendant SELENE FINANCE LP (Hereinafter referred to as "Defendant" or "Selene") and state in their Complaint that:

### I. PRELIMINARY STATEMENT

1.    The Plaintiffs allege that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and The Regulation of Collection Practices Act (RPCA), codified at MCL 445.251 et seq., Such violative collection practices include, *inter alia*, sending consumers written communications that:

> (a) make false, deceptive, and misleading representations regarding the Plaintiff owing money on a debt that has been discharged in bankruptcy in violation of 15 U.S.C. §§ 1692e et seq; and

> (b) Making collection threats of foreclosure and seeking money not owed in violation of 15 U.S.C. §§ 1692e (5), 15 U.S.C. §§ 1692f and f (1); and

(c) Seeking "corporate advances" without any explanation or details as to why they are owed in violation of 15 U.S.C. §§ 1692e(2)(A), 15 U.S.C. §§ 1692f (1).

2.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

4.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a

consumer, 15 U.S.C. § 1692e (10).

5.    Describing the contested fees as "recoverable corporate advances" may be confusing and deceptive to an unsophisticated consumer. *Cf. Singer v. Pierce & Assocs., P.C.,* 383 F.3d 596, 598 (7th Cir.2004) (defendant did not violate § 1692e where attorney's fees were separately listed and identified in loan payoff letter). *See generally Porter v. Fairbanks Capital Corp.,* No. 01-9106, 2003 WL 21210115, at *5 (N.D.Ill. May 21, 2003) (denying motion to dismiss claim alleging violation of § 1692e based on attorney's fees listed under category of "recoverable corporate advances"). Plaintiff has sufficiently stated a claim under 1692e. *Dougherty v. Wells Fargo Home Loans, Inc.*, 425 F. Supp. 2d 599 (E.D. Pa. 2006).

6.    The debt collection law firm included its attorney's fees as "recoverable corporate advances," the court stated that too would be confusing and deceptive to an unsophisticated consumer. *Fields v. Wilber Law Firm,* 383 F.3d 562 (7th Cir. 2004).

7.    The Regulation of Collection Practices Act, codified at MCL 445.251 et seq., mirrors the FDCPA regarding debt collection practices by "regulated persons" in the State of Michigan. The Michigan Collection Practices Act applies to TROTT, and a range of other Servicers/Debt collectors as "Regulated persons." Persons regulated under the act are defined as follows:

> (g) "Regulated person" means a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency.
>
> A regulated person shall not commit 1 or more of the following acts:
>
> (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.
>
> (f) Misrepresenting in a communication with a debtor 1 or more of the following:
>
> i.    The legal status of a legal action being taken or threatened.

ii.     The legal rights of the creditor or debtor.

(q) Failing to implement a procedure designed to prevent a violation by an employee.

8.      Defendant is a collection agency and regulated under the RCPA.

9.      The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. "The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at \*5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991)).

## II. PARTIES

10.     Plaintiff is a natural person and consumer.

11.     At all times relevant to this complaint, Plaintiffs resided in the City of Detroit, County of Wayne, State of Michigan.

12.     At all times relevant to this complaint, Defendant Selene is a foreign corporation and a debt collector that is engaged in the business of using the mails and telephone to collect mortgage debts originally owed to others under the FDCPA and *Bridge v. Ocwen* Federal Bank, Et Al., 681 F.3d 355 (6th Cir. 2012) as the Defendant received the debt while the debt was in default. The Resident Agent address is in Bingham Farms, Oakland County, State of Michigan.

## III. JURISDICTION & VENUE

13.     Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367. Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337.

14.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

15.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial

-4-

district.

## IV. FACTS CONCERNING PLAINTIFF

16.     The Plaintiff owned a home at 19875 Hartwell Street, Detroit Michigan, 48235. That due to financial hardship in 2014, Plaintiff was forced to go into bankruptcy.

17.     As of 2014, the mortgage debt was discharged and the mortgage lien was eliminated. **Please see Exhibit 1**. Defendant Selene is aware of this.

18.     · Defendant Selene was aware that Plaintiff had a bankruptcy attorney and communicated with the attorney representative regarding the bankruptcy. **Please see Exhibit 2**.

19.     That after the debt was discharged and the mortgage lien eliminated Plaintiff's bankruptcy attorney received letters from Defendant Selene. Selene was seeking to collect on the mortgage debt that no longer existed. **Please see Exhibit 3**.

20.     That the bankruptcy attorney for Ms. Metcalf contacted Defendant Selene to advise them to stop contacting Ms. Metcalf on the debt and mortgage. However, the letters continued.

21.     Even though the Defendant was aware that the debt no longer existed and the mortgage was eliminated and that Plaintiff had an attorney, Defendant sent Ms. Metcalf a letter that she had to pay $1,527.24 for forced place insurance on the property. **Please see Exhibit 4**.

22.     That on August 3, 2016, Ms. Metcalf received a letter from Defendant Selene that stated (first page):

Dear Mortgagor(s):

Selene Finance LP ("Selene") the servicer of your mortgage loan, and in accordance with the Security Instrument and applicable state laws, provides you with formal notice of the following: The mortgage loan associated with the Security Instrument is in default for failure to pay the amounts that came due on 10/01/2014 and all subsequent payments.

To cure this default, you must pay all amounts due under the terms of your Noted and Security Instrument. As of 08/03/2016, your loan is due for 10/01/2014 and the total amount necessary to cure your default is $22,316.25, which consists of the following:

| | |
|---|---|
| Next Payment Due Date | 10/01/2014 |
| Total Principal and Interest Due: | $21,275.92 |
| Escrow Advance Balance: | $853.33 |
| Late Charges: | $37.00 |
| Uncollected NSF Fees: | $0.00 |
| Other Fees: | $0.00 |
| Corporate Advance Balance: | $150.00 |
| Unapplied Balance: | ($0.00) |
| **TOTAL YOU MUST PAY TO CURE DEFAULT** | **$22,316.25** |

As of 08/03/2016, the current outstanding principal balance is $73,769.50 and the total debt you owe is $82,564.46. The total amount you must pay to cure the default stated above must be received by 09/07/2016. Failure to cure the default on or before the date specified may result in acceleration of the sums secured by the Security Instrument, sale of the property and/or foreclosure by judicial proceeding and sale of the property.

**Please see Exhibit 5**.

23.     As of the date of the letter at **Exhibit 5**, Plaintiff did not owe anything on the debt and there was no Security Instrument to foreclose upon as the mortgage was eliminated. **Please see Exhibit 1**.

24.     On August 12, 2016, Plaintiff received a card from Safeguard Properties, LLC stating that Selene had hired Safeguard to conduct a monthly audit to verify Plaintiff was still residing at the property at 19875 Hartwell Street, Detroit, MI 48236. **Please see Exhibit 6**.

25.    Defendant Selene appears to be either creating numbers or billing for future costs or fees not yet earned or accumulated in seeking a "Corporate Advance" of $150 from Plaintiff in threatening to foreclose on the mortgage.

26.    The statements regarding "Corporate Advances" in foreclosure letters to Plaintiff is a false, deceptive, or misleading representation in connection with the collection of any debt. 15 U.S.C. § 1692e.

27.    Plaintiff is left confused and wondering what she owes as a "Corporate Advance," how much and to whom.

28.    The mortgage contract of Plaintiff does not allow for the billing or charging of "Corporate Advances" or state the make up or content of the charges for something titled "Corporate Advances."

29.    Plaintiff believes that the Defendant has a policy and practice of sending consumers computer-generated, mass-produced, letters -- in the form of the letter at **Exhibit 5** – billing for "Corporate Advances" without explanation as to why the amount is owed in violation of 15 U.S.C. §§ 1692e, 15 U.S.C. §§ 1692e(2)(A), 15 U.S.C. §§ 1692f(1) and 15 U.S.C. §§ 1692e(10).

30.    The alleged debt being collected by Selene is a "debt" as defined by 15 U.S.C. §1692a(5).

31.    The alleged debt is a "consumer debt" as defined by the RCPA under MCL 445.251(a).

32.    Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

33.    Plaintiff is, at all times relevant to this complaint, a "consumer" as that term is defined by the RCPA under MCL 445.251(d).

34.    Defendant Selene is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by defined by the RCPA under MCL

445.251(b) when it receives a debt for servicing that is already in default under *Bridge v.*
*Ocwen* Federal Bank, Et Al., 681 F.3d 355 (6th Cir. 2012) and § 1692a(6)(F)(iii).

35.     The Letter at **Exhibit 5** was sent to Plaintiff in connection with the collection of a "debt"
as defined by 15 U.S.C. § 1692a (5).

36.     The Letter at **Exhibit 5** is a "communication" as defined by 15 U.S.C. § 1692a (2).

37.     The FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading
representation or means in connection with the collection of any debt." 15 U.S.C. §692e.  A false
representation in connection with the collection of a debt is sufficient to violate the FDCPA
facially, even where no misleading or deception is claimed. *Bourff v. Rubin Lublin, LLC*, 674 F.3d
1283 (11th Cir. 2012).

38.     Contrary to *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438,
441 (6th Cir) and in violation of 15 U.S.C. §1692e, the Defendant's written communications in
the form attached as **Exhibit 5** are false, deceptive, and misleading in that these communications
neither disclose the creditor or the amount owed in violation of 15 U.S.C. §§1692e and 1692f.

### V. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

39.     Defendant has violated the FDCPA. Defendants' violations of the FDCPA include, but
are not necessarily limited to, the following:

a.      Defendant violated 15 U.S.C. 1692e by using false, deceptive and misleading
        representations and means in connection with the collection or attempted collection of a
        "Corporate Advance" debt using the letter at **Exhibit 5** above; and

b.      Defendant collected on the debt and violated 15 U.S.C. 1692f (1) with the collection of
        an unauthorized costs and expenses and "Corporate Advances" without authorization by
        the agreement creating the debt or permitted by law at **Exhibit 5**; and

-8-

c.     The Defendant's written communications in the form attached as **Exhibit 5** are false, deceptive, and misleading in that these communications disguise other unnamed charges and costs as "Corporate Advances" without identifying what that is or what is being advanced in violation of 15 U.S.C. §1692e (10); and

d.     Defendant violated 15 U.S.C. 1692e(2)(A) with the use of false, deceptive or misleading representations in connection with collecting a debt with the false representation of the character, amount and legal status of the debt being collected as well as the "Corporate Advances" at **Exhibit 5** as mentioned above; and

e.     Defendant is threatening foreclosure on a mortgage and mortgage debt that has been eliminated in bankruptcy in violation of 15 U.S.C. 1692e (5).

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a.     Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

c.     Such further relief as the court deems just and proper.

## VI.  SECOND CAUSE OF ACTION

### Count 2-Regulation of Collection Practices Act

40.     Defendants have violated the RPCA. Defendant's violations of the RPCA include, but are not necessarily limited to, the following:

a.     Defendants violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt as mentioned above;

b. Defendants violated MCLA 445.252(f) by misrepresenting in a communication with a debtor any of the following:

    (ii) The legal rights of the debtor with the creditor using **Exhibit 5** as mentioned above.

c. Defendants has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

d. Defendants has violated MCLA 445.252(a) by communicating with a debtor in a misleading or deceptive manner.

**Wherefore**, Plaintiff seeks judgment against Defendant for:

a. Statutory and Actual damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b. Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RCPA, as well as an injunction, enjoining Defendants from using **Exhibit 1** letters which violates Michigan law; and

c. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).

## VII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted this 16th Day of August, 2016.

*s/ Brian P. Parker*
Brian P. Parker, Esq. (P48617)
LAW OFFICES OF BRIAN PARKER, P.C.
*Attorneys for Plaintiff Earnestine Metcalf.*

-10-